## Adam E. Bloom v. Jared Sexton.

*Declaration: Assignee: Descriptio personæ.* The use of the term "assignee," etc., after the name of the plaintiff in a declaration in trover, does not of itself authorize the conclusion that the declaration purports to be for a cause of action that had accrued to the assignors by a conversion prior to the assignment, and claimed to have passed by the assignment to the plaintiff; but this expression is to be treated as mere *descriptio personæ.*

*Record: Questions not raised.* Where the trial court has taken the cause away from the jury upon such a ruling, the question of the validity of the assignment is not involved.

*Heard and decided January 7.*

Case made from Wayne Circuit.

This was trover. The plaintiff described himself in his declaration as Adam E. Bloom, assignee of Meyer & Fleischman, and counted upon a conversion of certain goods described. On the trial he offered to prove the assignment to him by an instrument in writing, and facts tending to show the conversion of the goods by defendant after the delivery and acceptance of the assignment. Objection was made as to the validity of the instrument offered in evidence as an assignment, for defects in the form of its execution, but all the other facts proposed were conceded. The circuit judge ruled at defendant's request that the declaration purported to be for a cause of action that had accrued

to the assignors by a conversion before the assignment, for which the plaintiff claimed a right of action had passed to him as assignee, by virtue of the assignment; and that the plaintiff was not entitled to recover upon proof of a conversion against himself after the property had passed to him. Verdict and judgment being rendered for defendant, the plaintiff brings the case up for review on case made.

*Bloom & Bloom* and *Engle & Markham,* for plaintiff.

*Don M. Dickinson,* for defendant.

THE COURT held that the validity of the assignment is not raised on this record; that the ruling of the circuit judge, as to the cause of action counted upon by the declaration, was erroneous; and that the use of the term "assignee," etc., does not authorize such a construction, but is rather to be treated as mere *descriptio personæ.*

Judgment reversed, with costs, and a new trial granted.